UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MITCHELL EADS, | ) |
| | ) |
|     *Petitioner*, | ) |
| | ) |
| v. | )   No.:   3:14-cv-392-TAV-CCS |
| | ) |
| DAVID SEXTON, Warden, | ) |
| | ) |
|     *Respondent*. | ) |

## MEMORANDUM

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Mitchell Eads ("petitioner"), in which he challenges his convictions for possession of contraband in a penal institution and felony escape. For the following reasons, the Court finds that the petition is barred by the one-year statute of limitation. Accordingly, the petition for the writ of habeas corpus will be **DENIED** as time-barred and this action will be **DISMISSED WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitation for state prisoners to file a habeas corpus petition in federal court; the limitation period generally runs from the date on which the judgment of conviction became final, with the provision that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id*. § 2244(d)(2).

Petitioner's convictions and sentence were affirmed on direct appeal. *State v. Eads*, No. E2009-01574-CCA-R3-CD, 2010 WL 3862566 (Tenn. Crim. App. Oct. 5, 2010), *perm. app. denied, id.* (Tenn. Feb. 17, 2011). Petitioner filed a petition for post-conviction relief on March 8, 2011, which was denied and the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. *Eads v. State*, No. E2012-02232-CCA-R3-PC, 2013 WL 3105613 (Tenn. Crim. App. June 17, 2013).

Petitioner's post-conviction petition was filed during the time within which he could have sought a writ of certiorari with the Supreme Court and therefore the statute of limitation did not commence running until the conclusion of his post-conviction proceedings. *See Bronaugh v. State of Ohio*, 235 F.3d 280 (6th Cir. 2000) (statute of limitation is tolled during the ninety days within which petitioner could have filed a petition for writ of certiorari with the Supreme Court on direct appeal).

Petitioner did not seek permission to appeal the denial of post-conviction relief to the Tennessee Supreme Court and thus his conviction became final on August 16, 2013, which was sixty days after the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. *See* Tenn. R. App. P. 11(b) (petitioner has sixty days within which to file an application for permission to appeal to the Tennessee Supreme Court). Since August 16, 2014, was a Saturday, petitioner had until Monday, August 18, 2014, to file his petition for the writ of habeas corpus.

Based upon the foregoing, it appeared that petitioner's habeas corpus petition, which was filed on August 20, 2014, is barred by the one-year statute of limitation. *See*

*Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000)) ("'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'"). For that reason, petitioner was given the opportunity to show cause why his habeas corpus petition should not be dismissed as untimely. *See Day v. McDonough*, 547 U.S. 198, 209-10 (2006) (a district court may *sua sponte* dismiss a habeas petition as time-barred, after giving petitioner fair notice and an opportunity to be heard).

Petitioner has responded to the show cause order and claims that his petition was timely filed. Petitioner refers to the fact that direct review of a state court conviction does not become final until the ninety days for seeking Supreme Court review has passed, even if a petitioner does not seek such review. He thus argues that "[t]his ninety-day period is added to the one-year period essentially giving a petitioner a year and ninety days within which to submit his federal habeas corpus petition." [Doc. 8, Response, p. 3]. Under petitioner's theory, adding ninety days to the August 16, 2014, deadline would have given him until November 14, 2014, to file his habeas petition. [*Id*. at 4].

Petitioner's theory, while novel, lacks merit. It overlooks the fact that the ninety-day period merely extends the date on which the one-year statute of limitation commences to run upon the conclusion of direct review; it does not add ninety days to the one-year statute of limitation. In petitioner's case, he filed his post-conviction petition prior to the date his conviction became final on direct review. Therefore, the statute of limitation did not begin to run at all until his post-conviction proceedings were concluded

3

on August 16, 2013. It nevertheless remained a one-year statute of limitation and petitioner's habeas corpus petition was not timely filed.

The petition for the writ of habeas corpus will be **DENIED** as time-barred and this action will be **DISMISSED WITH PREJUDICE**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure. The Court will further **DENY** petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE